# WILLIAM ALGEO, Appellant, v. WILLIAM E. DUNCAN, Respondent.

*New Trial—Power of Judge at trial to entertain motion for—Insufficient evidence.*

Where, on the trial of an action upon a promissory note, to which the defence is infancy, the Defendant by clear and uncontradicted evidence establishes the defence, but the jury disregard the evidence and find for the Plaintiff, the Judge may entertain and grant a motion upon his minutes to set aside the verdict and order a new trial.

The fact that, but for such proof, the Plaintiff who produced the note and read it in evidence would have been entitled to the verdict, did not deprive the Judge of jurisdiction and power to make such order.

Whether such power exists independently of the Code of Procedure, or is to be derived from that section of the Code (264), which authorizes a Judge "to set aside a verdict and grant a new trial for insufficient evidence," it exists and was, in the case stated, properly exercised.

Appeal from order of General Term of the Supreme Court in the Second District, affirming order setting aside a verdict for the Plaintiff, and granting a new trial.

The action is upon a promissory note for $478.80, dated October 1, 1853, made by the Defendant, payable twelve months after date, to the order of Samuel Cox, and endorsed to the Plaintiff.

The answer stated several grounds of defence, but on the trial the note was read in evidence, and the balance thereof unpaid was agreed upon, and it was admitted "that the defence was solely founded upon the plea of infancy," and the Plaintiff thereupon rested his case.

The Defendant then, by his own testimony, and by that of an uncle, proved that he was born in 1833, and to this there was no contradiction. The cross-examination of the Defendant tended to show that in 1852 and 1853 he was in the feed and flour business as a partner with persons named Everitt and Cox, under the firm of Everitt & Co.

The Judge, on the trial, stated to the jury that if the Defendant

had established that he was under the age of twenty-one when he made the note, and the Plaintiff had shown no exception taking the case out of the general rule, the Defendant was entitled to a verdict, but he left it to them to say which of the parties were so entitled.

The jury found a verdict for the Plaintiff. The Defendant thereupon moved upon the Judge's minutes for a new trial. The Plaintiff objected, on the ground that in such a case the Judge had no authority to hear a motion for a new trial upon his minutes.

The motion was nevertheless entertained and granted. On appeal, the order was affirmed in the General Term; and thereupon the Plaintiff stipulated and appealed to this Court.

*Philip S. Crooke* for the Appellant.

*George Thompson* for the Respondent.

WOODRUFF, J.—The 264th section of the Code of Procedure provides, that "The Judge who tries a cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions or for insufficient evidence, or for excessive damages."

I am not willing to concede that, if no such provision were found in our Code, there is any want of power in the Judge presiding at the trial of a cause to set aside a verdict rendered by a jury, when it is palpably against law, or wholly and clearly unwarranted by the evidence, or where it is rendered in the face of explicit instructions to the contrary. According to the argument urged here, if the Judge had on this trial instructed the jury, in express terms, to find for the Defendant, as he might properly have done, and the jury had nevertheless, through prejudice, partiality, or mistake, violated the instructions and found for the Plaintiff, the Judge could not have set the verdict aside, but was bound to put the Defendant to the delay and expense of making a formal case, and bringing it to a hearing at a subsequent term.

Nor do I think that the provision of the Code above cited by

any implication limits or abridges the power which would exist
had it not been enacted. It is, however, sufficient to say, that the
reasonable interpretation of the section cited warrants the motion
which was here made.

The argument on behalf of the Appellant, ingeniously presented
and skilfully urged by his counsel, is, that whenever a Plaintiff
has made a primâ facie case, so as to put the Defendant upon
his defence, a verdict for the Plaintiff cannot be said to be upon
" insufficient evidence," however fully or conclusively the defence
relied upon may be established, or however the Plaintiff fails to
disprove or avoid the legal effect of such defence. That in such
case the verdict may be against evidence, but cannot be deemed
to be rendered upon "insufficient evidence," and therefore how-
ever clear it may be that, on a case made and brought to a hear-
ing, the verdict must be set aside, the Judge at the Trial Term has
no jurisdiction to entertain a motion upon his minutes and set the
verdict aside "for insufficient evidence." In the present case it was
admitted that the only defence was infancy. There was no issue
upon the making of the note in question, or the fact of the
transfer thereof to the Plaintiff. The answer of the Defendant
admitted both. True, the note was read in evidence by the
Plaintiff, but neither its making nor endorsement to the Plaintiff
was in issue.

The issue was upon the defence of infancy, and that defence
was fully and completely established by two witnesses, and yet,
without any evidence either to contradict or avoid the defence,
the Plaintiff had a verdict.

That is to say, upon the trial of an issue as to which the Plain-
tiff had no evidence which could warrant the jury in disregarding
the defence which the Defendant had pleaded and proved, and the
truth of which alone they were to try, they arbitrarily found for
the Plaintiff. It is clear, I think, that the verdict in this case had
no sufficient evidence to support it, and, therefore, within the
most precise, literal, and technical meaning of the Code, could
properly be set aside " for insufficient evidence." It was not a
case in which the Plaintiff had thrown some doubt, however

slight, upon the truth of the defence, nor one in which he had given some slight evidence in avoidance of its legal effect, so that the motion to set aside could be regarded as founded on the alleged preponderance of the Defendant's proof, but the bold case of a trial of a single issue, in which the Plaintiff had a verdict without any testimony in conflict with an established defence.

In this view it is not material that, if the Defendant had offered no testimony, the Plaintiff would have been entitled to an assessment and a verdict; the verdict which he had upon the issue actually tried was without evidence on his behalf to support it.

Nor, in my judgment, is the right of the Judge to entertain such a motion upon his minutes rendered less clear by calling this verdict a verdict against evidence. True, it is a verdict in the face of clear and uncontradicted proof, establishing the issue in the Defendant's favor, but it is, nevertheless, a verdict without sufficient evidence to support it.

The term "insufficient evidence," as used in the Code, should be construed with reference to the actual issue upon which the jury were to pass, and not less with reference to the whole state of the case made by the adverse party. Suppose the sole issue in a given case was upon the plea of release. The Defendant, having the affirmative of that issue, produces and proves a release under the hand and seal of the Plaintiff, and the latter gives no evidence in avoidance of the release sufficient to warrant the submission of any question to the jury, and yet the jury find for the Plaintiff. It is true, that such a verdict would be against the Defendant's conclusive evidence; but it is equally true, that such a verdict is without any sufficient evidence.

The power in question is to be cautiously exercised, and it is left to the sound discretion of the Judge whether he will act upon his own minutes, and the views which, while the proceedings on the trial are fully in his mind, and fresh in the mind of counsel, or whether there is so much of doubt, that the case should stand over for more deliberate and careful scrutiny upon a case which shall bring all the evidence again before him; but the power is a

useful one, to be exercised in a clear case, and a large saving of expense and delay to both Plaintiff and Defendant.

The order appealed from should be affirmed, and, in accordance with the stipulations upon which the Plaintiff has brought his appeal to this Court, judgment absolute for the Defendant should be rendered.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.