Clark *v.* Holdridge.

———•—•———

## CLARK *v.* HOLDRIDGE.

Where a justice of the peace, acting as a court of special sessions, and having jurisdiction of the person of the defendant, and of the offense with which he is charged, imposes upon him, by way of punishment, a larger fine than he has a right to inflict, the defendant may have the erroneous judgment and sentence against him reversed and vacated, upon certiorari from the court of sessions of the county, if he sees fit to pursue that remedy. But, after such fine has been paid, no action will lie against the justice to recover back the amount.

Such a judgment is clearly erroneous, and voidable, but not void absolutely.

Where a justice acts without jurisdiction he is a trespasser; but, having jurisdiction, an error in judgment will not subject him to an action; as where, having authority to inflict a fine, he errs in the exercise of it, in measure or degree, only. In every such case, the principle of judicial irresponsibility protects the magistrate.

After a fine imposed by a justice, acting as a court of sessions, has been paid by the defendant, to the justice, to avoid imprisonment, and by the latter

Clark *v.* Holdridge.

paid over to the county treasurer, the justice will be deemed to have received it in his judicial capacity, to and for the use of the county; and, until the judgment is avoided by reversal, no action will lie against him to recover it back, although such fine was for a larger amount than the law allowed.

APPEAL by the plaintiff from a judgment entered at the circuit, upon a trial before the court without a jury.

The action was brought to recover of the defendant the sum of $200, which the plaintiff alleged he had been compelled by the defendant to pay, as a fine for an alleged assault and battery, of which he was convicted before the defendant, as a court of special sessions. The plaintiff claimed that the amount of the fine being over $50, the defendant had no jurisdiction, and his acts were void.

It was stipulated and agreed between the parties that the facts were as follows: That the defendant was, on the 19th day of August, 1868, an acting justice of the peace in and for the town of Conewango, in the county of Cattaraugus, N. Y. That on that day one M. James Matteson was arrested by virtue of a warrant charging him with having committed an assault and battery on the person of Vilando Fisher, on the 16th day of August, 1868, duly and regularly issued by the defendant; that Matteson was brought before the defendant at his office in said town, where the defendant was holding a court of special sessions; that the said Matteson was then and there charged before the said defendant, with having committed an assault on one Vilando Fisher, in said county of Cattaraugus, on the 16th day of August, 1868, as charged in said warrant. That the said defendant, as such court of special sessions, arraigned the said M. James Matteson upon such charge of assault and battery; that an examination was then and there had before the defendant, and the said defendant properly held him for trial. That the said M. James Matteson elected to be tried before the defendant as such court of special sessions; that on said day

Clark *v.* Holdridge.

such trial was duly commenced, and after swearing some witnesses on the part of the people, the said M. James Matteson pleaded guilty to such charge of assault and battery; whereupon the defendant, then acting as such court of special sessions, in due form sentenced the said M. James Matteson to pay a fine of $200, and in default of the payment thereof to be committed to the common jail of said county until said fine should be paid, or he, said Matteson, be discharged by law. That the said M. James Matteson, by reason of such sentence, then and there paid the said sum of $200 to the defendant. That the said Matteson was brought before the defendant by a constable of said county of Cattaraugus, and remained and was in his custody during such examination and trial, and until such fine was paid, when he was discharged from custody. That said defendant acted in good faith in imposing said fine, believing that he had a right to impose a fine of $200. That he, the defendant, afterwards, and on or about the 1st day of September, 1868, paid said sum of $200 into the county treasury of Cattaraugus county. That after such payment a demand was duly made on behalf of the said M. James Matteson, of the defendant, for said sum of $200, with interest from the 18th day of August, 1868; that said defendant refused to pay the same, or any part thereof. That the said M. James Matteson, on the 18th day of April, 1869, for value, duly sold and assigned said demand to John Matteson, and that said John Matteson, on the 4th day of November, 1869, for value, duly sold, assigned and transferred the same to the plaintiff, who is now the owner and holder thereof, no part of which has been paid. It was further stipulated that the plaintiff might read, subject to all legal objections, upon the trial, the evidence taken by commission in this action to establish the reason why M. James Matteson paid said sum of $200. The testimony of Matteson, referred to in the above stipulation was as follows :

"To the fourth interrogatory he said: I paid the said sum of $200 to prevent being imprisoned in the county jail of Cattaraugus county, New York. The defendant ordered me to stand committed till said fine was paid. I paid said fine under the fear of imprisonment; I did not pay it voluntarily. John Matteson did not pay the fine for me. I was arraigned before the defendant, and charged with assault and battery, to which I plead guilty, and was then sentenced by him, the defendant, to pay a fine of $200, and in default of the payment thereof to be imprisoned in the county jail of Cattaraugus county till said fine was paid, and to avoid such imprisonment I paid said fine. I was, at the time of the sentence, in the custody of a constable, and fully believed that if I did not pay the fine the defendant would imprison me."

The defendant offered no evidence.

The judge held and decided as matter of law, that although the defendant, as a court of special sessions, imposed a fine of $200 upon M. James Matteson, and he paid it to avoid being imprisoned under the sentence, still the plaintiff as his assignee could not recover back the money, because the defendant was at the time performing a judicial function, and that the defendant must have judgment against the plaintiff for costs; to which holding and decision, and to each and every part thereof, the counsel for the plaintiff duly excepted.

The following opinion was delivered by the judge before whom the action was tried.

DANIELS, J. Although the defendant, as a court of special sessions, imposed a fine of $200 upon M. James Matteson, and he paid it to avoid being imprisoned, under the sentence, still the plaintiff, as his assignee, cannot recover back the money, because the defendant was at the time performing a judicial function. He had jurisdiction of the assignor personally, and of the subject matter

Clark *v.* Holdridge.

upon which he was at the time proceeding, but erred as to the extent of his power of punishment. Under the adjudged cases this was not such an excess of jurisdiction as rendered the sentence void, and deprived him of protection under it as a court. (*Jenkins* v. *Waldron*, 11 *John.* 114. *Horton* v. *Auchmoody*, 7 *Wend.* 200. *Easton* v. *Calendar*, 11 *id.* 91, 95. *Weaver* v. *Devendorf*, 3 *Denio*, 117. *Butler* v. *Potter*, 17 *John.* 145.) In the last case the justice had given judgment for a greater amount of costs than he was authorized by statute to include in his judgment. The excess, it is true, was very small. But that does not affect the principle on which the decision was made. If an officer, acting judicially, may exceed the authority conferred upon him by the statute, in a case over which he has complete jurisdiction, without rendering himself civilly liable to the party affected, the principle protecting him cannot depend upon whether the excess has been large or small in its character. This case seems to be within the principle on which the one last quoted was decided, and within the rule declared in the other authorities referred to. The defendant therefore is not liable for the money received by him in payment of the fine judicially pronounced upon the person paying it. The defendant must have judgment against the plaintiff for costs.

*Lewis & Gurney*, for the appellant.

I. The power of the defendant, as a court of special sessions, to fine M. James Matteson, is wholly derived from statute. (3 *R. S.* 1004, § 19, *5th ed.*) "Whenever a defendant, tried under the preceding provisions of this title, either by the court or by a jury, shall be convicted, the court shall render judgment thereupon, and inflict such punishment, by fine or imprisonment, or both, as the nature of the case may require; but such fine shall in no

case exceed fifty dollars, nor such imprisonment six months." The justice having imposed a fine that he had no jurisdiction, in any event, to impose, his sentence is void. He cannot justify under it; the sentence and judgment is no protection to him. A commitment issued under it would be no protection to the officer executing it. It would be void upon its face. (*Stroud* v. *Butler*, 18 *Barb.* 327. *Clark* v. *Hallock*, 16 *Wend.* 607.)

II. It has been held that a justice " having, acquired jurisdiction, an error in judgment does not subject him to an action." (*Jenkins* v. *Waldron*, 11 *John.* 144. *Horton* v. *Auchmoody*, 7 *Wend.* 200. *Butler* v. *Potter*, 17 *John.* 145.) In these cases the doctrine is laid down, that if a justice has acquired jurisdiction, and he errs in exercising it, then his act is not void, but voidable only. This is true, with the addition, if he keeps in the general scope of his authority. (*Toof* v. *Bently*, 5 *Wend.* 276. *Foster* v. *Gault*, 2 *McMullan*, 562. *Grumond* v. *Raymond*, 1 *Conn.* 39.) In the last case it was held that a justice was liable for a trespass committed under a search warrant issued by him, commanding a constable and other officers to search any suspected place. It was held in that case, that if the justice has jurisdiction, but exceeds his authority, he is liable. (13 *Mass.* 286. 14 *id.* 210. 3 *Phil. Ev.* 719–721. *See notes.*) We apprehend that the true rule is, that the justice having acquired jurisdiction, if he errs in the exercise of it, but renders a judgment that is within his jurisdiction to render, in that case the judgment is voidable only; but if he renders a judgment that he has in no event jurisdiction to render, his judgment is void. An officer is protected in executing an execution issued upon a voidable judgment, but he is not protected in executing one that shows upon its face that the justice rendered a judgment that he had no authority to render. The strongest case in the books to sustain the position of the defendant, is the case of *Butler* v. *Potter*. In that case the jus-

Clark *v.* Holdridge.

tice rendered a judgment for $16 damages and $5.18 costs. He had jurisdiction to render a judgment for $25 damages and $5 costs, being $30 in all. The judgment he did render was for $21.18. He, of course, erred in computing the amount of costs; but in rendering the judgment he kept within the general scope of his authority, and had authority to render judgment for a larger amount than he did render. In all the cases cited by the defendant, it will be found that the judgment rendered was within the power of the court to render. It has never been held that a judgment that the court in no event had power to render, was not void.

If the court, in this case, had sentenced Matteson to be imprisoned for a term of years in a state prison, or had sentenced him to be hanged, it would not be claimed that an officer of the court would be justified in executing or attempting to execute the sentence. Why? Because the process of the court would show upon its face that the court exceeded its power, and that the judgment or sentence is therefore void. It would not be necessary in that case to secure a reversal of the judgment to prevent the judgment or sentence from being enforced. The judgment in this case is just as erroneous and void as it would have been if the justice had sentenced Matteson to be hanged; and the warrant or precept to enforce the judgment would have showed it upon its face. It seems like an absurdity to claim that a fine collected by means of such a judgment or sentence can be sustained, either by the justice or officer receiving it. The justice can have no better right to the money than a constable or jailor would have.

III. If a justice transcends the limits of his authority, he necessarily ceases, in that particular case, to act as a justice, and is responsible for all consequences. ( *Weaver* v. *Devendorf*, 3 *Denio*, 117, *and cases cited.*) In this case Judge Beardsley cited a large number of cases.

IV. Although the justice acted judicially in imposing the sentence, he certainly did not act judicially when he received the $200 as a fine under said sentence. If the sentence is right, he is right in receiving and retaining the money; if the sentence is wrong, then he cannot justify under it. He has received $200 wrongfully, and should return it. This action is not brought against the justice for imposing the sentence, but for collecting $200 wrongfully.

V. The fact that the justice paid the money over to the county, is not a defense to this action. (*Rheel* v. *Hicks*, 25 *N. Y.* 289.) He has taken the money wrongfully from Matteson; he has no right to pay to the county, or to do anything with it but return it.

VI. The money was paid by Matteson, under duress; he was in charge of a constable, waiting to take him to jail unless he paid; he is at the mercy of the court, he can only escape imprisonment by paying; he submits to the extortion as a means of deliverance from oppression under a void sentence; he must either pay or go to jail. The money was not paid by reason of any legal obligation to pay, but was extorted from him in violation of all law. (*Osborn* v. *Robbins*, 36 *N. Y.* 365, *and cases cited.*)

VII. There have been numerous cases where justices have been held liable in actions for false imprisonment, in cases where they had, in fact, proceeded regularly in summary convictions, but had neglected to file records of conviction required by law. (*The People* v. *Phillips*, 1 *Park.* 95. *Morris* v. *The People*, *Id.* 441. *Morewood* v. *Hollister*, 2 *Seld.* 327.) It has never been doubted that justices who have assumed to do any act they had no authority to do, were liable when they did an act they had no power to do. In the cases of summary convictions, the parties have been brought before the justice regularly, and the justices have had jurisdiction of the proceeding and of the person of the offender, and have been regular in convicting the

offender, but had no jurisdiction to make any commitment until after they had made and signed a record of conviction; and have been held liable in actions for false imprisonment because they committed the prisoner before getting jurisdiction to do so, by first making and signing a record of conviction. In the case under discussion, the justice proceeded regularly until he pronounced sentence—a sentence he had no authority to pronounce. He is liable for any act that he or any other person does under the sentence.

VIII. Penal statutes have always been strictly construed. A court of inferior jurisdiction has always been, and should be, compelled to keep within its power; no latitude or discretion has been allowed.

IX. The sentence is void in whole. A sentence that provides for punishment by fine, only, cannot be good in part and bad in part; it is either wholly good or all bad.

*Jenkins & Goodwill,* for the respondent.

I. The facts show the proceedings of the defendant as a court of special sessions to have been regular and proper, up to the imposition of the fine. That the defendant erred in fixing the amount of the fine is evident, but can the fine money so imposed be recovered of him? The prisoner had his remedy by writ of certiorari. (*Laws of* 1859, *ch.* 339.)

II. Was the sentence of the defendant a void or voidable act? We maintain the latter, according to the rule adopted by the Court of Appeals in the case of *Swift* v. *City of Poughkeepsie,* which is stated in 37 *N. Y. Rep.,* at page 513, in the opinion of Justice Bacon, as follows: " When a magistrate or officer has jurisdiction of the subject matter, and errs only in the execution of his power, his acts are not void, but voidable, and the only remedy is by certiorari or writ of error. The distinction is between an erroneous judgment and one rendered without

Clark *v.* Holdridge.

jurisdiction. The one is valid until reversed, and the other utterly void. (*Horton* v. *Auchmoody*, 7 *Wend.* 200. *Butler* v. *Potter*, 17 *John.* 145.)

III. The imposition of the fine by the defendant as such court, being a judicial act, he is not liable therefor, however erroneous it may be, he having jurisdiction, as aforesaid. (*See cases above cited; also, Moor* v. *Ames*, 3 *Caines*, 170 ; *Easton* v. *Calendar*, 11 *Wend.* 91, 95; *Weaver* v. *Devendorf*, 3 *Denio*, 117 ; *Jenkins* v. *Waldron*, 11 *John.* 114; *Swift* v. *City of Poughkeepsie*, 37 *N. Y.* 511; *Voorhees* v. *Martin*, 12 *Barb.* 508 ; *The People* v. *Stocking*, 50 *id.* 573; *Miller* v. *Seare*, 2 *W. Black.* 1145.) The want of jurisdiction is fatal, in every court. The principal distinction between courts of general and those of limited jurisdiction is, that in one case jurisdiction will be presumed until the contrary appears; in the other, no such presumption is indulged, but the authority must be shown in every case. But when all of the preliminary steps in such a court to confer such authority have been taken, it then has all the rights and is equally protected in the exercise thereof, with those of the former class. (*See cases above cited.*)

*By the Court,* JOHNSON, J. The plaintiff, by his assignment, acquired no right of action against the defendant to recover back the money paid by his assignor. His assignor might have had the erroneous judgment and sentence against him reversed and vacated, upon certiorari from the court of sessions of the county, had he seen fit to pursue that remedy. (*Sess. Laws of* 1859, *ch.* 339.) The judgment was clearly erroneous and voidable, .the fine by way of punishment having been much larger than the defendant, as a court of special sessions, had a right to inflict. But it was not void absolutely. The defendant, at the time the judgment was rendered, and the erroneous punishment inflicted, was acting as a court of special sessions, and had jurisdiction of the person of the plaintiff's

assignor, and of the offense with which he was charged. The assignor had been regularly arrested, and examined before the defendant as the examining magistrate, and had elected to be tried before him as a court of special sessions. After the commencement of the trial, he pleaded guilty, and it thereupon became the duty of the defendant to render judgment against him, and to inflict the punishment prescribed by statute. (2 *R. S.* 714, § 19.) In the case of *Butler* v. *Potter*, (17 *John.* 145,) the court laid down the rule that, "where the justice has no jurisdiction whatever, and undertakes to act, his acts are *coram non judice;* but if he has jurisdiction, and errs in exercising it, then the act is not void, but voidable only." That was an action brought against a justice of the peace, who had rendered a judgment against the plaintiff, for a larger amount of costs than the statute authorized, upon a confession of judgment by the latter, before the defendant, as such justice. The plaintiff had been imprisoned on the execution issued upon the judgment, and brought his action for trespass and false imprisonment, and it was held that the action could not be maintained. This has been followed, steadily, in this State in a great number of cases, only a few of which will be here cited. (*Horton* v. *Auchmoody*, 7 *Wend.* 200. *Weaver* v. *Devendorf*, 3 *Denio*, 117. *Swift* v. *City of Poughkeepsie*, 37 *N. Y.* 511.) Indeed this has always been the common law rule. (*Prigg* v. *Adams*, 2 *Salk.* 674.) In *Horton* v. *Auchmoody*, (*supra*,) the court say : "Where a justice acts without acquiring jurisdiction, he is a trespasser; but, having jurisdiction, an error in judgment does not subject him to an action; he is entitled to the protection afforded to a judge of a court of record." In every such case, the principle of judicial irresponsibility protects the magistrate. It would be mere ostentation to cite the numerous authorities to be found in the books, in support of a principle so well established.

The counsel for the appellant argues that the fine im-

posed, having been so glaringly in excess of that which the defendant was authorized by statute to inflict, was as much without authority or jurisdiction as would have been a sentence that the person convicted should be hanged, or imprisoned in the state prison. But this is a confusion of ideas and principles essentially and fundamentally different. The latter sentence would have been a nullity, because the magistrate had no power or authority to inflict any punishment of that kind or quality. He had no such power ever conferred upon him, which he could exercise in any manner or degree. But, he had authority to inflict a fine, and erred in the exercise of it, in measure or degree only. And this I understand to be the true distinction between the acts of an inferior magistrate, which are *coram non judice* and void, and those which are erroneous and voidable, merely. In the latter case, such magistrate is sheltered and protected by the shield of judicial irresponsibility; in the former, not.

It is also argued in behalf of the plaintiff, that even if the defendant would not have been liable in an action of trespass for false imprisonment, had the plaintiff been committed for non-payment of the fine, still he had no authority to receive the money, the fine being thus excessive; and that the defendant cannot be regarded as having acted in his judicial capacity, in receiving such a fine, which he had no authority to impose. This position is as unsound as the other, and for the same reason. If the judgment and sentence were voidable only, the defendant is protected in the execution of such judgment, in every stage, until it is avoided by reversal. The statute requires the magistrate to receive all fines imposed by him, if paid before commitment, and to pay the same, after deducting the sum allowed for costs and charges, over to the county treasurer for the use of the county, within thirty days. (2 *R. S.* 716, § 32.) The money had been duly paid over to the county treasurer before the assign-

ment to the plaintiff. The case shows that the defendant acted in good faith, throughout, supposing he was only discharging his duty as a magistrate. The judgment having been valid until reversed, and the money paid by the party convicted to avoid being imprisoned, in execution thereof, the defendant must be deemed to have received it in his judicial capacity, to and for the use of the county, and the action will not lie to recover it of the magistrate through whose hands it passed into the treasury of the county. The judgment must therefore be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 6, 1870. *Mullin,* P. J., and *Johnson* and *Talcott,* Justices.]