JAMES WAVLE, RESPONDENT, v. GILBERT WAVLE, APPELLANT.

*Verdict — damages — insufficiency of — when new trial granted.*

Where, in an action of slander in which the evidence would have justified a verdict for the defendant sustaining the justification set up in the answer, the jury found a verdict for the plaintiff for six cents, *held*, that as the damages to which the plaintiff was entitled were not fixed or certain, and were incapable of being rendered so, that the amount thereof was wholly in the discretion of the jury, and that an order granting a new trial, on the ground that the damages awarded were insufficient, should be reversed.

APPEAL from an order granting a motion for a new trial, made on the minutes of the justice before whom the action was tried, on the ground that the damages awarded by the jury were insufficient.

*Wm. H. Warren*, for the appellant.

*George B. Jones*, for the respondent.

*Per Curiam:*

By section 264 of the Code, a new trial upon the judge's minutes may be granted upon exceptions or for insufficient evidence or for excessive damages. It has been held that the power to grant a new trial where the damages are insufficient may be exercised in like manner: if not under this provision of the Code, then independently of the Code. (*Algeo* v. *Duncan*, 39 N. Y., 313; *McDonald* v. *Walter*, 40 id., 551.)

But in both of these cases the damages sought to be recovered, were capable of being rendered certain by computation. The facts being established, a mathematical computation determined the amount of the damages. In the first case the cause of action was conceded and the amount of damages. But the proof of infancy of the defendant was clear and undoubted. That was the only issue. In spite of such proof, the jury rendered a verdict for the plaintiff. It was set aside as against evidence, and on the further ground that there was insufficient evidence to support it. In the second case the action was for a breach of contract, in refusing to receive a

quantity of bacon. The liability of the defendants was contested, but if liable they were liable for the difference between the contract-price and the market value of the bacon when tendered. As soon as such market value was fixed by the jury, an arithmetical calculation determined the amount of damages absolutely. The jury rendered a verdict for the plaintiff of fifty dollars. But if plaintiffs were entitled to recover at all, their damages in any and every view of testimony were much greater than fifty dollars. So in any event the verdict was inconsistent with the evidence and not sustained by it. For that reason the order setting aside the verdict was sustained.

In the present case the testimony was conflicting. The action was for slander and the defense justification. The evidence would have justified a verdict for the defendant, sustaining the justification. The jury however rendered a verdict of six cents for the plaintiff. The appeal from an order setting aside this verdict made upon the judge's minutes is before us. The amount of damages to which plaintiff was entitled was not fixed, definite or certain, nor was it capable of being made so by any process of computation. The damages were wholly in the discretion of the jury, and not controlled as to amount by any evidence given upon the trial. The appearance, character and conduct of the parties and witnesses, the probabilities surrounding the transaction, the nature of the slander and the injury done, all constituted elements to be considered by the jury. This has been done with the result seen. Whether such verdict is the result of a compromise of differences among jurors, or whether it expresses the judgment of each juror, we cannot tell. Such results in such cases are within the experience of every judge. Ordinarily such verdicts are deemed expressions of the jury that each party is more or less in fault and that neither shall profit thereby. In cases like slander, libel and malicious prosecution it is well to have an end of litigation as early as possible. Such actions generally involve more of passion than of principle or actual damage. So when such a case has been once fairly tried and considered by a jury, its decision ought generally to be conclusive and final. Further litigation will but aggravate resentments, increase the costs and expenses, and still more tarnish the reputation of all concerned.

In the absence of any evidence of dishonesty or misconduct on the part of the jury, we think its verdict ought to stand.

The order granting a new trial is therefore reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with costs.