CHARLES SHEARMAN, APPELLANT, *v.* JAMES W. HENDER-
SON AND ORRIN A. CARROLL, RESPONDENTS.

*Motion for a new trial on justice's minutes — Code,* § 264 — *when it may be made.*

The fact that a defendant, upon the trial of an action before a jury, omits to move for a nonsuit or to request that a verdict be directed in his favor, or to except to the submission of any particular question to the jury, does not prevent him from moving to set aside the verdict, as being founded on insufficient evidence, at the same Circuit, upon the minutes of the justice before whom the action was tried.

*Peake* v. *Bell* (7 Hun, 454) not followed.

APPEAL by plaintiff from an order setting aside a verdict in his favor at the Yates County Circuit, granted upon a motion made at the same Circuit, upon the minutes of the justice before whom the action was tried, on the ground that it was founded upon insufficient evidence.

*Charles R. King*, for the appellant. The failure of the defendants to move for a nonsuit, or to ask the court to direct a verdict for the defendants, was an admission that there was sufficient evidence to go to the jury, and the defendants were thereby precluded from moving to set aside the verdict on the ground of insufficient evidence. (*Peake* v. *Bell*, 14 N. Y. S. C. R. [7 Hun], 454; *James* v. *Chamberlin*, N. Y. Weekly Dig., April 2, 1877, vol. 4, No. 8;

*Ross* v. *Colby*, 10 N. Y. S. C. R. [3 Hun], 546; *Barrett* v. *The Third Ave. R. R. Co.*, 45 N. Y., 632; S. C., 8 Abb. [N. S.], 216; *Rowe* v. *Stevens*, 12 id., 389; *St. John* v. *Skinner*, 44 How., 198; *Sickles* v. *Gillies*, 45 id., 94; *Hamilton* v. *Third Ave. R. R. Co.*, 13 Abb. [N. S.], 318.)

*Morris & Leary*, for the respondents. Section 264 of the Code expressly authorizes the judge who tries the cause, upon motion made at the same term, in his discretion, to set aside a verdict and grant a new trial for "insufficient evidence." There is no ambiguity in the language, nothing requiring a motion for a nonsuit, or otherwise, as a prerequisite to the motion in this statute. (*Allgro* v. *Duncan*, 24 How., 210; 39 N. Y., 313; *Sharkey* v. *Torrilhon*, 7 Hun, 343.)

TALCOTT, J.:

This is an appeal from an order made at the Yates County Circuit, setting aside a verdict in the action found at the same Circuit on the minutes of the court, as being founded on insufficient evidence.

The case does not show that any motion for a nonsuit was made, or that there was any request that a verdict for the defendants be directed by the court, or that there was any exception to the charge of the court, by which the question whether there was a contract made between the parties was submitted to the jury, and the appellant insists that these omissions amount to an admission that the evidence was sufficient to be submitted to the jury, and that the defendants were thereby estopped or precluded from claiming that the evidence was insufficient, and from moving to set aside the verdict on that ground.

A decision of the General Term of the third department (*Peake* v. *Bell*, 7 Hun, 454) is cited to sustain this proposition. The case cited is directly in point, and an order setting aside the verdict in that case was reversed for the reasons stated. And sundry cases are cited by Mr. Justice LEARNED in the opinion, which establish the general rule, that an omission to move for a nonsuit, or for a direction to the jury as to their verdict, operates as an admission that the evidence is sufficient. This is adding to section 264 of the Code a condition or proviso, not contained in it, which authorizes

the judge who tries the cause, to entertain a motion on the minutes to set aside a verdict and grant a new trial, not only on exceptions, but for *insufficient evidence*, whether exception be taken or not, the motion to be made before the judge who tried the cause, and at the same term or Circuit at which the trial was had, and while the facts and the testimony, together with the demeanor and manner of the witnesses, may be supposed to be yet fresh in the recollection of the judge and the counsel.

We think the cases of *Allgro* v. *Duncan* (24 How., 210, affirmed, 39 N. Y., 313) and *McDonald* v. *Walter* (40 N. Y., 551) must have escaped the attention of the learned court which reversed the order in *Peake* v. *Bell* (*supra*). It does not appear in either of the cases above cited, from the decisions of the Court of Appeals that any motion had been made on the trial, which pointed to the insufficiency of the evidence; in fact it seems quite apparent that no such motion could have been made. (See opinion of Judge EMOTT in 24 How., 210.) And in the case of *McDonald* v. *Walter*, the verdict was set aside, because it was apparent that the jury must have adopted an incorrect measure of damages. At all events, we think the decision in the third department cited, is contrary to the cases in the court of last resort above cited.

The appellant also insists and endeavors to show from a critical examination of the case, that the evidence on the subject of whether any contract was shown on the part of the plaintiff was sufficient to make a conflict of evidence, which has been decided by the jury in the plaintiff's favor.

There seems some plausibility in the theory of the counsel for the appellant, but it is not so plain as to require us to reverse the decision on that subject of the learned judge who tried the cause, and who had so recently heard the testimony and seen the witnesses, and could better understand the effect and weight to which their testimony was entitled than we can, and who thought that the case should be retried.

Order appealed from affirmed, with ten dollars costs and disbursements.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Ordered accordingly.