## JACOB KENNER, APPELLANT, v. JOHN A. MORRISON, RESPONDENT.

*County judge — power of to grant new trial — Action for false imprisonment — liability of a justice of the peace, for error in judgment.*

A county judge has power to grant a new trial upon his minutes, when a verdict is found in opposition to the evidence or upon insufficient evidence.

The plaintiff having been brought before the defendant, a justice, on a charge of assault and battery, was, after an examination, required to give bail for his appearance at the next criminal court, and having failed to furnish the bail, and omitted to demand a trial by a Court of Special Sessions, he was committed to the keeper of the county jail, to be kept until discharged according to law. After having been therein detained for more than twenty-four hours, he was discharged on a *habeas corpus,* and thereafter brought this action for false imprisonment.

*Held,* that, as the plaintiff had failed to demand a trial by a Court of Special Sessions, the justice was authorized to commit him to the jail for at least twenty-four hours, during which time he could give bail under the statute (2 R. S., 595, § 5); and that his mere omission to proceed to try him, after the expiration of that time, did not render him a trespasser *ab initio.*

That, even if the justice believing that he was bound so to do, had committed the plaintiff, on his failure to give bail as required, to the county jail until he should do so, yet it was but an error of judgment; and that, as he had jurisdiction of the person of the plaintiff and the subject-matter, he was protected from an action for false imprisonment.

APPEAL from an order granting a motion for a new trial made upon the minutes of the county judge of Erie county, after a verdict in favor of the plaintiff.

*J. M. Humphrey,* for the appellant.

*O. F. Hawkins,* for the respondent.

TALCOTT, J.:

This is an appeal from an order of the county judge of Erie county, made on his minutes, ordering a new trial in this action.

The action was for false imprisonment brought against a justice of the peace, in which the plaintiff recovered a verdict of ninety-six dollars. The county judge, on the motion of the defendant, set the verdict aside, and the plaintiff appeals from the order.

The first objection which the plaintiff makes, is that the county judge has no authority to grant a new trial on the minutes, being only authorized to grant new trials on exceptions, or a case made (Code, § 30), but it is probable that the power to set aside a verdict when found in opposition to, or upon insufficient, evidence, is inherent in any court of record before which a trial by jury takes place. (Allgro v. Duncan, 24 How. Pr., 210; S. C., on appeal, 39 N. Y., 313.)

It seems the defendant is a justice of the peace of one of the towns of Erie county, and the plaintiff was arrested and brought before the defendant on a complaint for assault and battery, and after an examination by the justice, was ordered to give bail for his appearance at the next criminal court having jurisdiction to try the plaintiff for said offense, and the plaintiff omitting to give such bail, and not requesting to be tried by a Court of Special Sessions, the defendant, as such justice, issued his warrant on the same day, whereby the plaintiff was committed to the custody of the keeper of the jail of Erie county, to keep him safely until he should be discharged according to law.

It does not appear that the plaintiff made any request to be tried by a Court of Special Sessions, and the statute gives to a prisoner under such circumstances, twenty-four hours, within which to elect to give bail for his appearance before the next criminal court having jurisdiction of the offense. (2 R. S. [2d ed.], 595, § 3.) If he fail to do this, the justice is to organize a Court of Special Sessions, which now may be composed of but one justice of the peace. (Laws of 1845, ch. 180.) But during the twenty-four hours the person charged may be committed to jail for safe-keeping, or he shall continue in the custody of the officer arresting him, as the magistrate issuing the warrant of arrest shall direct. (2 R. S. [2d ed.], 595, § 5.)

The justice, it would seem, had a right to commit the plaintiff to the custody of the keeper of the county jail, and it would seem that his detention there was entirely within the jurisdiction of the magistrate, at least for the twenty-four hours during which his right to elect to give bail continued. The right to commit the plaintiff to jail existed, and the omission of the justice to organize a Court of Special Sessions, or to try the plaintiff at a Court of

Special Sessions was the thing which the justice omitted to do, and by reason of which, as appears from the indorsement on the *habeas corpus*, he was discharged from custody on the sixth day of July, upon the ground that more that twenty-four hours had elapsed since his examination.

The justice having jurisdiction of the party and the subject-matter, and having the right to commit the plaintiff to be held, at all events, during the twenty-four hours, it is difficult to see how he could be a trespasser *ab initio* for the omission to proceed to try the plaintiff at a Court of Special Sessions, at the expiration of the twenty-four hours.

But conceding that the justice mistook his duty in the premises, and supposed that in the event of the omission of the defendant to give or offer sufficient bail for his appearance at the next criminal court, he was bound to commit the party supposed to be guilty of the offense to prison, unless he should give such bail, it was an error of judgment. The defendant, as a justice of the peace, had jurisdiction of the person of the plaintiff and the subject-matter of the proceeding, and the doctrine of judicial irresponsibility protects the defendant from an action for false imprisonment. (*Clark* v. *Holdridge*, 58 Barb., 61; *Hall* v. *Munger*, 5 Lans., 100, and the recent case of *Lange* v. *Benedict*, 8 Hun, 362.)

We think, therefore, the order setting aside the verdict and ordering a new trial must be affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order of County Court of Erie county, setting aside the verdict and granting a new trial, affirmed.