### BURNS v. NORTON.

*(Supreme Court, General Term, First Department.* January 23, 1891.)

EXCESSIVE FINE—RECOVERY—JUDICIAL ACTS.

    Where a justice of the peace, holding a court of special sessions, imposes a fine·
    in excess of the amount authorized by law, and orders that defendant stand com-
    mitted until the fine is paid, and defendant pays the fine to avoid imprisonment,
    and then demands its return before it is paid into the county treasury, he cannot·
    maintain an action against the justice for the amount so paid, since the justice, as·
    such court of special sessions, acted judicially in imposing the fine. MACOMBER, J.,
    dissenting.

Appeal from circuit court, Ontario county.

Action by John Burns against Theodore M. Norton, to recover the amount
of an excessive fine paid by plaintiff. Plaintiff was arrested and tried before·
defendant, a justice of the peace, acting as a court of special sessions, and a
jury, upon the charge of assault in the third degree, and on the trial the jury ren-
dered a verdict of guilty. Defendant, as such court, thereupon sentenced plain-
tiff to pay a fine of $100, and to stand committed until the payment thereof,.
not exceeding 100 days. Plaintiff, in order to avoid such imprisonment, paid
the fine, at the same time protesting that defendant had no power or author-
ity to impose it, and immediately thereafter demanded the return of the money
from defendant, which demand was refused, and the money paid over to the
county treasurer. On the trial, which was had before the court without a.
jury, Mr. Justice ADAMS ordered judgment for defendant, and filed the fol-
lowing opinion, (March 1, 1890:)

"Upon the undisputed facts of this case, there can be no question but the
defendant exceeded the jurisdiction conferred upon him, as a court of special
sessions, when he rendered the judgment complained of, and the error on his·
part was doubtless occasioned by his confounding section 15 of the Penal
Code with section 717 of the Code of Criminal Procedure, the latter of which
provides for and limits the judgment of a court of special sessions, and was,
of course, controlling in this case. It follows, therefore, that an excessive,
erroneous, and unlawful judgment was imposed upon the plaintiff, and his
contention is that he is thereby entitled to the remedy sought by this action.
The plaintiff's counsel bases his right to recover upon the theory that the de-
fendant in passing judgment acted without jurisdiction, and therefore his act
was absolutely void. In support of this proposition, the attention of the court
is directed to the celebrated case of *People ex rel. Tweed* v. *Liscomb*, 60 N.
Y. 559, which it is contended determines the precise question here presented.
It is true that a similar view was taken of the effect of that decision in two
instances cited by counsel, (*People* v. *Sadler*, 2 N. Y. Crim. R. 438; *People*
v. *Risley*, 4 N. Y. Crim. R. 109,) in each of which it was held that, where
the penalty imposed was in excess of that authorized by law, the judgment by
which it was imposed was void, and the prisoner was entitled to a discharge
by *habeas corpus*. But such a construction is in direct conflict with a decis-
ion of the court of appeals rendered subsequent to that in the *Case of Tweed*,
in which it was held that a judgment in excess of jurisdiction, although void,

did not entitle the party to his discharge. *People* v. *Kelly,* 2 N. Y. Crim. R. 437. It is likewise contrary to an adjudication by the general term of this district upon facts identical with those relied upon by plaintiff. *Clark* v. *Holdridge,* 58 Barb. 61. In that case, as in this, it was contended that the imposition of a fine so largely in excess of the amount authorized was as much a nullity as would have been a sentence that the person convicted should be hanged or imprisoned in the state-prison; but, as was said by JOHNSON, J., 'this is a confusion of ideas and principles essentially and fundamentally different.' In the case suggested the punishment inflicted would be different in kind and degree, but here the court, having acquired jurisdiction of the person and of the offense, erred in the degree, but not in the quality, of the punishment contemplated by the statute; and, to quote once more from the opinion of JOHNSON, J., this constitutes 'the true distinction between the acts of an inferior magistrate which are *coram non judice* and void, and those which are erroneous and voidable merely.' In this connection it may be worth while to call attention to a very obvious distinction between this case and that of *Tweed.* The only question there considered relates to the right of the court to impose cumulative sentences in a case where a party was convicted of several separate and distinct misdemeanors, identical in character, and charged in one indictment, such sentences exceeding in the aggregate what is prescribed by statute as the maximum punishment for one offense of the character charged; and it was held that the power of the court was exhausted when it had imposed the first sentence of the maximum punishment fixed by the statute; that it then ceased to be competent to render a further judgment in the case; and, where the judgment included more than this, a party was entitled to his discharge by *habeas corpus.* That this was all that was intended to be decided in that case the court is careful to state in a later decision, (*People* v. *Jacobs,* 66 N. Y. 8,) and what is said by way of illustrating the principles enunciated must be regarded as merely *obiter.* The case of *Clark* v. *Holdridge, supra,* was decided prior to the *Tweed Case,* it is true; but, in my view of the latter case, there is no conflict in principle between them; and, until the former authority is expressly overruled, I shall feel constrained to follow it; and this course is pursued the more willingly, inasmuch as the principle it establishes is not only in harmony with my own views, but is likewise supported by authorities so numerous that it would seem mere ostentation to cite them. Assuming, however, that the *Tweed Case* does establish the principle contended for by plaintiff's counsel, the most that could be claimed for it in this case would be that it authorized the recovery of such portion of the money paid by plaintiff as was in excess of the penalty imposed by statute, which would be the sum of fifty dollars. It by no means follows, however, that, if the judgment was void to the extent claimed, it entitles the plaintiff to maintain this action; for, as was said in substance by HALE, C. J., in *Bushell's Case,* 1 Mod. 119, while the judgment may be void so far as the plaintiff's right to be discharged is concerned, it gives him no right of action against the defendant, because he acted judicially, although erroneously. This principle was recognized and followed by the supreme court of the United States in *Lange's Case,* 18 Wall. 163, where it was said that 'the distinction between void and voidable judgments are very nice, and they may fall under one class or the other, as they are regarded for different purposes.' If this action can be maintained, then one for false imprisonment could be, had the sentence been imprisonment for a period in excess of the term prescribed by statute. The court of appeals has said, however, that, where a court of superior or general jurisdiction acts judicially, although in excess of its power, it is not liable in a civil action, (*Lange* v. *Benedict,* 73 N. Y. 12;) and the same rule has been held applicable to courts of inferior and limited jurisdiction by the general term of this department, (*Kenner* v. *Morrison,* 12 Hun, 204.) It follows, therefore, in no view of the question presented by the

facts of this case, can the action be maintained, and the defendant is consequently entitled to judgment."

Plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Charles H. Paddock*, for appellant.  *Edwin T. Hicks*, for respondent.

PER CURIAM. Judgment affirmed.

MACOMBER, J., (*dissenting.*) This action was brought to recover the sum of $100 claimed to have been collected of the plaintiff by the defendant upon a void judgment and sentence in a criminal case, by means of threats of imprisonment if the alternative money penalty should not be paid. The facts which were agreed upon at the trial are as follows. The defendant, on the 5th day of August, 1889, being a justice of the peace in Victor, in the county of Ontario, caused the arrest of the plaintiff on a warrant charging him with having committed an assault in the third degree. On being arraigned, the plaintiff pleaded not guilty, and demanded a trial by a jury. At a subsequent day such trial was had, and the testimony in the whole case was submitted to the jury, who returned a verdict of guilty of assault in the third degree; whereupon the defendant, acting as a court of special sessions, sentenced the plaintiff to pay a fine of $100, and in default of such payment to be committed to jail until the fine should be paid, not exceeding 100 days. A certificate of conviction embodying such judgment was made out by the defendant, who declared to the plaintiff that he would commit him to jail unless the fine was paid forthwith. The plaintiff thereupon paid to the defendant this sum of $100, rather than to go to jail, and shortly thereafter demanded the return of such money, upon the ground that the same had been illegally exacted. The defendant acted in good faith, though ignorantly, in rendering such judgment, and believed he had the right to impose the whole of it. He afterwards, but after the demand of repayment of him, turned the fine into the county treasury of Ontario county. This action was brought to recover the money refused to be repaid to the plaintiff by the defendant.

No doubt, as is conceded in the case, the defendant, as a court of special sessions, had jurisdiction and authority to try the plaintiff for the offense of assault in the third degree, and impose a legal sentence against him upon conviction. But the judgment rendered by the defendant against the plaintiff was illegal, and no reasonable argument can be made to sustain it. The justice's judgment was limited, by law, to a fine of not exceeding $50, or imprisonment not exceeding six months, or both such fine and imprisonment. Code Crim. Proc. § 717. In case of a fine only, the imprisonment until the fine is satisfied is limited to one day for every one dollar of fine. The defendant clearly acquired jurisdiction of the person of the plaintiff, and of the offense of which he was charged. In pronouncing judgment, however, he was bound by the statute, and any judgment not warranted by the statute must be deemed to be void. The plaintiff was in duress, and the payment by him of the illegal exaction made by the defendant may be recovered in this action, unless the defendant is protected by some fundamental rule of law hedging about a magistrate. The learned judge, at the trial, has based his decision upon an authority in *Clark* v. *Holdridge*, 58 Barb. 61. The facts in that case were, in many respects, similar to those appearing in this record, save the important exception that in the case before us there was a demand for the return of the money made upon the justice before an action was brought to recover the amount of the illegal fine, and before the money had been covered by him into the treasury of the county. This we deem to be an important and far-reaching distinction between the two cases. But, however this may be, even if the authority relied upon by the judge at the trial were applicable to the facts of this case, yet the decision of the court of appeals rendered in the case of *People* v. *Liscomb*, 60 N. Y. 559, would lead to a re-

versal of the judgment. In that case it was held that if the record showed that the judgment is not merely erroneous, but such as could not, under any circumstances, or upon any state of facts, have been pronounced, the case is not within the exemption of the *habeas corpus* statute, (2 Rev. St. p. 563, § 22, subd. 2,) and the applicant was entitled to be discharged; and that, too, although the court had acquired jurisdiction of the person of the prisoner and of the subject-matter; and that the inquiry went further, namely, as to the jurisdiction of the court to render the particular judgment. It was there held that a judgment in excess of that which, by law, the court has power to make, was void for the excess. The court, per ALLEN, J., says: "With us, all punishments are prescribed by statute, as well as to character as extent; and a sentence not conformable to law as not warranted by statute, or which is in excess of the legal punishment, is *ultra vires*, and like every other act, whether judicial or ministerial, done without legal authority, is void. A sentence to imprisonment in the state-prison for a misdemeanor would be void, as would a sentence to imprisonment when only a fine was the statutory penalty. A fine of one thousand dollars for a misdemeanor, unauthorized by law, would not protect an officer in the execution of process for its collection of the property of the condemned, or by detaining the person until the fine should be paid. If a court having jurisdiction of the person of the accused, and of the offense of which he is charged, may impose any sentence other than the legal statutory judgment, and deny the aggrieved party all relief except upon a writ of error, it is but a judicial suspension of the writ of *habeas corpus*."

A person whose rights have been thus invaded cannot justly be left without remedy; but what the remedy is, depends upon the circumstances of the case. Suppose, for instance, that the judgment of the special sessions had been, instead of a fine of $100, that the defendant be confined in jail for a period of one year. His remedy clearly would have been through a writ of *habeas corpus*, whereby he would have been discharged as being illegally detained and imprisoned under a judgment which was absolutely void. A fine of $100 having been imposed, with the alternative of 100 days of imprisonment, the plaintiff cannot be regarded as without a remedy in yielding to the illegal exaction in order to avoid the degradation of imprisonment. It was not in any legal sense a voluntary payment. His remedy, therefore, must be, not by *habeas corpus*, for his body was not imprisoned, but by some other means; for common justice would lead us all to say he ought not to be remediless. Having made a demand for the return of the moneys before the justice had covered them into the county treasury, we think he was in a position to maintain this action. In the case of *People* v. *Risley*, 4. N. Y. Crim. R. 109, the relator was convicted in a court of special sessions of the offense of disposing of property covered by a chattel mortgage, and adjudged to pay a fine of $250, and stand committed until the fine should be paid, not exceeding one year. On *habeas corpus* the general term held that the relator should be discharged, on the ground that the judgment was void, and that by section 717 of the Code of Criminal Procedure the court had no power to render the judgment. See, also, *People* v. *Kelly*, 97 N. Y. 212, and *People* v. *Carter*, 48 Hun, 165. In the case last cited the relator was convicted by a court of special sessions for violation of the excise law, and adjudged to pay a fine of $100, or be imprisoned not to exceed 100 days. Upon *habeas corpus* he was discharged, upon the ground that, though the justice had jurisdiction of both the person and subject-matter, his judgment was void. Under these authorities, and for the reasons above stated, the judgment appealed from was erroneous, and should have been given to the plaintiff, upon the facts found by the court.

The judgment should be reversed, with costs, and judgment ordered for the plaintiff, upon the facts found, for the recovery of the moneys demanded.